UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Todd Miller,

    Plaintiff,                                       :      Case No. 2:22-cv-1712

    -vs-                                                 Judge Sarah D. Morrison
                                                        Magistrate Judge Elizabeth Preston
                                                        Deavers

State of Ohio, *et al.*,

                                                        :

    Defendants.

**OPINION & ORDER**

Several traffic stops form the basis for *pro se* Plaintiff Todd Miller's 42 U.S.C. § 1983 claims against Defendants State of Ohio, Ohio Governor Mike DeWine, State of Ohio Bureau of Motor Vehicles, State of Ohio Highway Patrol, State of Ohio Department of Public Safety, Delaware County, Delaware County Sheriff's Department, Delaware County Prosecutor's Office, Caio Hermann, Darius Patterson, City of Hilliard, City of Hilliard Police Chief Michael Woods, Jordan Lyle, Kyle Rohrer, Marianne Hemmeter, and Amelia Bean-DeFlumer. (ECF No. 1.) Each defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6). (ECF Nos. 4, 7, 9, 11, 14.) Mr. Miller has not filed any opposition to any of the of motions. After due review, the motions are **GRANTED** and the case is **DISMISSED**.

**I.   BACKGROUND**

Treating Mr. Miller's Complaint liberally as the Court must, he alleges he was pulled over by State Highway Patrol Trooper Hermann on August 1, 2020 for

speeding and making an illegal turn. (ECF No. 1, PageID 6.) Mr. Miller avers he presented state Trooper Hermann with paperwork showing he was not "'operating' or 'driving' under a commercial capacity." *Id*. Mr. Miller was then arrested for failure to identify himself and taken to the Delaware County Jail. *Id*. at 6-9. He was charged with improper turn, speeding, driving without a license, and OVI. *Id*. at 8-9. Mr. Miller was prosecuted for those charges, but the OVI count was "thrown out." *Id*. at 6-9.

The second traffic stop at issue occurred on December 20, 2021. *Id*. at 10. On that date, State Highway Patrol Trooper Patterson pulled Mr. Miller over for "not having valid license plates on his vehicle." *Id*. Mr. Miller gave Trooper Patterson the same paperwork he previously gave to Trooper Hermann. *Id*. Trooper Hermann and a supervisor from the Delaware County Sheriff's office arrived on the scene. *Id*. Mr. Miller exited the car and was handcuffed. *Id*. at 11. His car was searched. He was arrested and charged with "not having license plates on his vehicle," "[f]leeing and illuding [sic]," "failure to comply with police officer's orders," and OVI. *Id*. at 11.

The final traffic stop occurred in Hilliard, Ohio on March 18, 2022. *Id*. City of Hilliard Police Officer Jordan Lyle pulled Mr. Miller over for failing to display tags. *Id*. He presented her with the same paperwork he presented to the state troopers. *Id*. He was handcuffed and his car was searched. *Id*. at 12. He was cited and allowed to leave but his car was impounded. *Id*. at 12.

As best the Court can discern from the Complaint, Mr. Miller asserts the Defendants violated his Fifth Amendment right against self-incrimination during

2

each of the traffic stops by requiring him to identify himself and present identification. (ECF No. 1.) He seeks monetary and injunctive relief. *Id.*

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss pursuant to Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted).

A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In doing so, however, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557. Thus, "something beyond the mere

3

possibility of [relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value." *Id.* at 557–58 (internal citations omitted).

## III. ANALYSIS

### A. The State Defendants are Immune Under the Eleventh Amendment.

The State of Ohio, Governor DeWine, Ohio Bureau of Motor Vehicles, Ohio Highway Patrol, Troopers Hermann and Patterson, and Ohio Department of Public Safety seek dismissal under the Eleventh Amendment. (ECF Nos. 11, 14.)

The Eleventh Amendment "'denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent.'" *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018) (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945)). According to the Supreme Court, "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Thus, "because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983," the State of Ohio has immunity for claims against it. *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (Sargus, J.) (citing *Ohio v. Madeline Marie Nursing Homes # 1 & # 2*, 694 F.2d 449, 460 (6th Cir. 1984); *Giles v. Univ. of Toledo*, 478 F. Supp. 2d 924, 960-61 (N.D. Ohio 2007)).

4

The Governor is likewise immune. *See Vittetoe v. Blount Cnty., Tenn.*, 861 F. App'x 843, 851 (6th Cir. 2021) ("We assume that a government official is being sued in his official capacity, unless the pleadings provide notice that he is being sued individually."). Eleventh Amendment immunity "extends to state officials sued in their official capacity" for damages. *Smith*, 476 F. Supp. 3d at 650-51.

State agencies and the Troopers share in the State's immunity. *Fields v. Ohio Dep't of Rehab. & Corr.*, No. 2:15-cv-1271, 2015 WL 6755310, at *3 (S.D. Ohio Nov. 4, 2015) (Sargus, J.) ("State agencies constituting 'arms of the State' enjoy absolute immunity from suits for damages."); *Oliver v. Ohio State Highway Patrol*, No. 5:19-cv-164, 2019 U.S. Dist. LEXIS 114494, at *3 (N.D. Ohio July 10, 2019) (immunity extends to Ohio Highway Patrol and state troopers); *Gales v. Charles*, No. 2:16-cv-123, 2016 U.S. Dist. LEXIS 18384, at *1-2 (S.D. Ohio Feb. 16, 2016) (McCann King, M.J.) (Ohio Department of Public Safety enjoys Eleventh Amendment immunity); *Pitts v. Ballinger*, No. 3:16 CV 2948, 2017 U.S. Dist. LEXIS 8940, at *5 (N.D. Ohio Jan. 23, 2017) (Ohio Bureau of Motor Vehicles has Eleventh Amendment immunity).

The Motions to Dismiss of the State of Ohio, Governor DeWine, Ohio Bureau of Motor Vehicles, Ohio Highway Patrol, and Ohio Department of Public Safety are **GRANTED**. (ECF Nos. 11, 14.)

### B. Plaintiff Fails to Plead a Valid Claim Against Delaware County.

Turning to Mr. Miller's claims against Delaware County, "[c]ounties cannot be held liable under § 1983 based on respondeat superior; rather, 'liability only

5

attaches where a custom, policy, or practice attributable to the [county] was the 'moving force' behind the violation of the plaintiff's constitutional rights." *Wellman v. PNC Bank*, 508 F. App'x 440, 443 (6th Cir. 2012) (quoting *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647-48 (6th Cir. 2012) (citation omitted). The Complaint fails to mention any policy or practice of the County that could be the cause of the alleged violations of his constitutional rights, making dismissal of Delaware County proper. Delaware County's Motion is **GRANTED**.

### C. The Delaware County Sheriff's and Prosecutor's Offices, Delaware County Judges, and City Defendants are Either *Sui Juris* or Immune.

The Delaware County Sheriff's Office and the Delaware County Prosecutor's Office properly argue they are incapable of being sued because they are *sui juris*. (ECF No. 7.) *Barrett v. Wallace*, 107 F. Supp. 2d 949, 954 (S.D. Ohio 2000) (Spiegel, J.) ("the Sheriff's Office is not a proper legal entity, and, therefore, is not subject to suit or liability under 42 U.S.C. § 1983."); *Simmons v. Sigler*, No. 2:19-cv-4108, 2020 U.S. Dist. LEXIS 88702, at *7 (S.D. Ohio May 20, 2020) (Preston Deavers, M.J.) (county prosecutor cannot be sued under § 1983).

Delaware County Judges Hemmeter and Rohrer move for dismissal on immunity grounds. (ECF Nos. 4, 7.) The Complaint contains no factual allegations about either. Dismissal of claims against them is therefore appropriate under Fed. R. Civ. P. 8(a)(2) which requires pleadings to contain a short and plain statement of the claims showing that the pleader is entitled to relief. Assuming Mr. Miller is alleging the Judges injured him while serving in some judicial capacity,

Judges are generally entitled to absolute immunity for judicial functions. "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Furthermore, "[b]y enacting the 1996 Federal Courts Improvement Act . . . Congress . . . expanded the ambit of judicial immunity by amending § 1983 so as to prohibit injunctive relief against a judicial officer." *Coleman v. Caruso*, 413 F. App'x 866, 873 (6th Cir. 2011) (citations omitted). Judicial immunity is proper here, where there are no allegations of nonjudicial actions or actions taken without jurisdiction. *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997). Their Motion to Dismiss is **GRANTED**.

The Complaint contains no factual allegations about City of Delaware Prosecutor Amelia Bean-DeFlumer so she is entitled to dismissal under Fed. R. Civ. P. 8(a)(2) which requires pleadings to contain a short and plain statement of the claims showing that the pleader is entitled to relief. Assuming Mr. Miller is alleging Ms. Bean-DeFlumer injured him while acting in her capacity as a prosecutor, she is entitled to prosecutorial immunity. The Sixth Circuit directs "[p]rosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb Cty. Enf't Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes "[a] prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer." *Manetta*, 141 F.3d at 274 (quoting *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir.),

cert. denied, 139 L. Ed. 2d 401, 118 S. Ct. 560 (1997)). Her Motion to Dismiss is **GRANTED**.

> **D. The City of Hilliard Defendants Achieve Dismissal Because of Immunity or Failure to State a Claim.**

The City of Hilliard asserts Mr. Miller's claims against it should be dismissed due to an absence of factual allegations regarding the existence of a policy or custom. "A municipality is not liable under § 1983 for injuries inflicted solely by its employees or agents, and the doctrine of respondeat superior is inapplicable to § 1983 actions." *Liptak v. City of Niles*, No. 98-4078, 1999 U.S. App. LEXIS 29984, at *8-9 (6th Cir. Nov. 10, 1999). Instead, "'[i]t is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983.'" *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citation omitted)). The Complaint does not discuss any policies or customs of the City that could be the cause of the alleged violations of Mr. Miller's constitutional rights. Accordingly, the Court **GRANTS** the City's Motion to Dismiss under *Liptak*. (ECF No. 9.)

Dismissal of Mr. Miller's claims against the City of Hilliard's Police Department is mandated because the department is not *sui juris*. *Taylor v. Ross*, No. 1:21 CV 600, 2021 U.S. Dist. LEXIS 166470, at *3 (N.D. Ohio Sep. 2, 2021).

Chief Woods and Police Officer Lyle seek dismissal due to qualified immunity. "Government officials are immune from civil liability under 42 U.S.C. § 1983 when performing discretionary duties, provided 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person

would have known.'" *Simmonds v. Genesee Cty.*, 682 F.3d 438, 443 (6th Cir. 2012) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To decide the applicability of qualified immunity, the Court asks "(1) whether the officer violated a constitutional right and (2) if so, whether that constitutional right was clearly established such that a 'reasonable official would understand that what he is doing violates that right.'" *Simmonds*, 682 F.3d at 443-44 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (citation and internal quotation marks omitted), abrogated in part by *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)). Because Chief Woods and Officer Lyle raise qualified immunity, Mr. Miller has the burden to "demonstrate that the officials are not entitled to qualified immunity . . . by alleging facts sufficient to indicate that the [government official's] act in question violated clearly established law at the time the act was committed." *Simmonds*, 682 F.3d at 444 (internal quotations and citations omitted). To overcome qualified immunity, Mr. Miller "must present evidence sufficient to create a genuine issue as to whether the defendant committed the acts that violated the law." *Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994).

Mr. Miller's Complaint does not allege sufficient facts to show that the officers' actions violated clearly established law at the time the acts in question occurred. And Mr. Miller does not oppose the officers' Motion to Dismiss. He fails to meet his burden. The officers are entitled to qualified immunity and their motion to dismiss is **GRANTED**. (ECF No. 9.)

9

## IV. CONCLUSION

The Motions to Dismiss of the State of Ohio, Governor DeWine, Ohio Bureau of Motor Vehicles, Ohio State Highway Patrol, Trooper Hermann, Trooper Patterson, Ohio Department of Public Safety, Judge Hemmeter, Judge Rohrer, Prosecutor Bean-DeFlumer, Delaware County, Delaware County Sheriff's Office, Delaware County Prosecutor's Office, City of Hilliard, City of Hilliard Police Department, City of Hilliard Police Chief Woods, and City of Hilliard Police Officer Lyle are **GRANTED**. (ECF Nos. 4, 7, 9, 11, 14.)

The Clerk shall enter judgment accordingly and terminate this case from the Court's docket.

**IT IS SO ORDERED**.

                                                   s/Sarah D. Morrison
                                                   **SARAH D. MORRISON**
                                                   **UNITED STATES DISTRICT JUDGE**